**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NATALIE QANDAH,

    Plaintiff,

v.                                                          Case No. 17-11126

JOHOR CORPORATION & YB DATO
DAMARUZZAMAN BIN ABU KASSIM,

    Defendants.
_____/

**ORDER CONVERTING MOTION HEARING TO STATUS CONFERENCE AND
DIRECTING PARTIES TO CONFER**

Pending before the court is Defendants' Motion to Dismiss the First Amended Complaint. (Dkt. #11.) Plaintiff filed a response (Dkt. #17), and Defendants submitted a reply (Dkt. #18).

**I. BACKGROUND**

Defendants argue that this court lacks jurisdiction to hear the dispute because Johor Corporation ("JCorp") is owned by the Malasian government and thus falls under the Foreign Sovereign Immunity Act, 28 U.S.C. § 1602 *et seq* ("FSIA").[1] In any case, they insist, the constitutional requirements of due process do not permit the assertion of jurisdiction over JCorp or its President and CEO, Defendant Dato' Kamaruzzaman Bin Abu Kassim, because they have not purposely availed themselves of the forum, since Plaintiff's actual employer, WLC SA, is only tangentially related to their business

---

[1] JCorp's marketing materials boast that it has "an enviable reputation as a Government-linked entity that is autonomous and market-driven with a distinctive capacity to sustain performance in spite of extreme challenges[.]" (Dkt. #17-4, Pg. ID 351.)

activities. Defendants also move for dismissal on substantive grounds under Federal Rule of Civil Procedure 12(b)(6).

## II. STANDARD

### A. Subject Matter Jurisdiction, Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). When a defendant challenges subject matter jurisdiction pursuant to this Rule, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Mich. S. R. R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). "The FSIA provides the 'sole basis' for the exercise of jurisdiction over a foreign state, including its instrumentalities." *Rote v. Zel Custom Mfg.* LLC, 816 F.3d 383, 387-88 (6th Cir. 2016) (*citing Republic of Argentina v. Weltover*, 504 U.S. 607, 611, 112 S. Ct. 2160, 119 L.Ed.2d 394 (1992)). "Under the Act, a foreign state is 'immune from the jurisdiction of the courts of the United States and of the States' unless one of the statutory exceptions applies." *Id.* (*quoting* 28 U.S.C. § 1604).

### B. Personal Jurisdiction, Federal Rule of Civil Procedure 12(b)(2)

If a district court lacks jurisdiction over the defendants, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(2). "The burden of establishing jurisdiction is on the plaintiff." *Tobin v. Astra Pharm. Prod., Inc.*, 993 F.2d 528, 543 (6th Cir. 1993). "A district court, in its discretion 'may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions.'" *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430,

449 (6th Cir. 2012) (*quoting Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). However, when the court has elected to proceed without discovery or a hearing, the evidence is considered in the light most favorable to the plaintiff: the plaintiff must only make a prima facie case, and the court does not consider the "controverting assertions of the party seeking dismissal." *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). In addition, the plaintiff must follow the general guidelines for pleading standards—the plaintiff must allege specific facts to show the standard has been met for personal jurisdiction. *Palnik v. Westlake Entm't, Inc.*, 344 Fed. App'x. 249, 251 (6th Cir. 2009) (stating that complaints must follow federal pleading standards for personal jurisdiction issues as well).

A federal court's exercise of jurisdiction over litigants in a diversity of citizenship case must be both "(1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002). For Michigan, the courts have determined Michigan's long-arm statute gives the "maximum scope of personal jurisdiction permitted by the due process clause of the Fourteenth Amendment." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1236 (6th Cir. 1981). Due process is satisfied if the defendant has "sufficient minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). The test to satisfy the requirements of due process "has three elements, all of which must be met for personal jurisdiction to be found: (1) 'The defendant must purposefully avail

himself of the privilege of acting in the forum state or causing a consequence in the forum state[;]' (2) '[t]he cause of action must arise from the defendant's activities in the forum state[; and]' (3) '[t]he acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of personal jurisdiction reasonable.'" *One Media IP Ltd. v. S.A.A.R. SrL*, 122 F. Supp. 3d 705, 716 (M.D. Tenn. 2015) (*quoting S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). "But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)).

To assert personal jurisdiction over a defendant outside of the United States on a federal claim for which nationwide service of process is authorized, Federal Rule of Civil Procedure 4 requires both that "the defendant [be] not subject to jurisdiction in any state's courts of general jurisdiction; and exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). The constitutional question "will require an analysis under the Due Process Clause of the Fifth Amendment, rather than the Fourteenth Amendment." 4 CHARLES ALAN WRIGHT, ET AL., 4 FED. PRAC. & PROC. CIV. § 1068.1 (4th ed. 2017). The Fifth Amendment Due Process analysis mirrors that outlined in *International Shoe* but looks to the contacts that Defendant had with the United States as a whole rather than just the forum state. *See, e.g., See, Inc. v. Imago Eyewear Pty, Ltd.*, 167 Fed. App'x. 518, 522-524 (6th Cir. 2006) (affirming district court's

determination that "Defendants' website was passive with respect to the United States, . . . the Defendants' overall contacts with the United States, including the Defendants' website, did not provide sufficient contacts with the United States to satisfy due process.").

### III. DISCUSSION

#### A. Subject Matter Jurisdiction Over JCorp

"The party claiming FSIA immunity bears the initial burden of proof of establishing a prima facie case that it satisfies the FSIA's definition of a foreign state; once this prima facie case is established, the burden of production shifts to the non-movant to show that an exception applies." *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009) (*quoting Keller v. Cent. Bank of Nig.*, 277 F.3d 811, 815 (6th Cir. 2002)). "The party claiming immunity under FSIA retains the burden of persuasion throughout this process." *Id.*

Plaintiff argues that JCorp fails at the first point of inquiry---that it is an "agency or instrumentality of a foreign state" and thus entitled to immunity under FSIA---because it has not shown that a majority stake of its ownership interest is held by Malaysia. *See* 28 U.S.C. § 1603(b)(2). Defendants' reply contends in a footnote that Plaintiff's arguments are inconsistent with the assertion in her complaint that jurisdiction exists under the FSIA, and that "Defendants' Declaration and the JCorp website also establish that JCorp is a state entity—facts which she cannot rebut." (Dkt. #18, Pg. ID 859.)

Plaintiff's amended complaint does not prevent her from making this argument, as it states both that "[t]his Court has jurisdiction over Defendant JCorp pursuant to 28 U.S.C. §1330, 28 U.S.C. §1331 and 28 U.S.C. §1603[,]" and that "[j]urisdiction over

C:\USERS\OWENS\APPDATA\LOCAL\TEMP\NOTES94C27E\17-11126.QANDAH.JURISDICTIONDISCOVERY.BSS.RHC.DOCX

5

Defendant JCorp is further based upon the various exceptions to the [FSIA] . . . ." (Dkt. #9, Pg. ID 98.) Plaintiff does not rely solely upon FSIA to establish jurisdiction. Moreover, it is well-established that a party may plead in the alternative, even inconsistently. *See* Fed. R. Civ. P. 8(d).

Neither does Defendants' statement find support in the referenced affidavit. Defendant's motion to dismiss asserts in a conclusory fashion that it is a state-owned entity (Dkt. #11, Pg. ID 167), and an attached affidavit claims baldly that "JCorp is a state government entity which principally is an investment holding entity." (Dkt. #11-1, Pg. ID 186.) It gives no indication of the proportion of ownership in JCorp held by the Malaysian government. In fact, this information is conspicuous in its absence from the detailed outline of JCorp's own interests in subsidiary companies contained in the affidavit and attached organizational chart. (Dkt. #11-1, Pg. IDs 186, 190.) Defendants' website also contains no unequivocal statement about the size of the ownership interest held by the Malaysian government. (Dkts. ##17-2 – 17-15.) JCorp has not made the threshold showing that it is a foreign state entitled to immunity, and therefore the court will not grant dismissal under the FSIA *at this time*.

### B. Personal Jurisdiction

Even if the court has subject matter jurisdiction to hear the controversy, it must also have personal jurisdiction over the parties. *See, e.g., Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) ("But now that the capias ad respondendum has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a

C:\USERS\OWENS\APPDATA\LOCAL\TEMP\NOTES94C27E\17-11126.QANDAH.JURISDICTIONDISCOVERY.BSS.RHC.DOCX

6

judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'").

Though Plaintiff's amended complaint states that general jurisdiction over Defendants exists, she makes no serious showing or allegation of "affiliations with the State [of Michigan] so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 920 (2011). "The courts have determined that Michigan's long-arm statute gives the 'maximum scope of personal jurisdiction permitted by the due process clause of the Fourteenth Amendment.'" *Filter Plus, Inc. v. O R Company*, No. 16-12974, 2017 WL 747598, at *3 (E.D. Mich. Feb. 27, 2017) (*citing Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1236 (6th Cir. 1981)).

Some of Plaintiffs' claims are federal and still others are state claims, and the parties do not address whether nationwide service of process is available under the federal claims. Regardless, the due process analysis is the same with the exception of looking to contacts with the United States or just the forum state as mentioned above. *See*, 167 Fed. App'x. at 522. Though Plaintiff does not specifically address due process objections to jurisdiction over JCorp in her response, her arguments for Kassim's contacts with Michigan are equally applicable to JCorp, and amount to:

> (a) conducting and directing JCorp's business activities in Dearborn, Michigan; (b) making misrepresentations to Qandah, through the Captain and Bird, in Michigan; (c) communicating by email and Skype conference calls with Qandah in Michigan; (d) seeking and receiving direct legal advice from Qandah regarding a legal matter in Michigan; (e) directing and

> endorsing discriminatory and abusive conduct towards Qandah in
> connection with her employment Michigan; and (f) directing, ordering, and
> financing a false and malicious grievance against Qandah with the
> Michigan [attorney licensing authority].

(Dkt. #17, Pg. ID 275 (citations omitted).)

Defendants' affidavit asserts that JCorp lacks formal control over Plaintiff's employer, WLC SA, the existence of which lies several levels of corporate ownership beyond that of JCorp. The affidavit also avers that "JCorp does not do business or have any offices in the United States." (Dkt. #11-1, Pg. ID 186.) Plaintiff offers no contrary evidence beyond her own affidavit, insisting among other things that JCorp has several domestic offices "without company signage at its entrance, or anywhere else." (Dkt. #17-1, Pg. ID.) A review of the lengthy materials attached to Plaintiff's response brief is not particularly illuminating. The evidence on this point therefore is in equipoise.

Also attached to Plaintiff's pleadings are emails to and from Kassim apprising him of the earlier employment case and indicating that JCorp was involved in obtaining outside counsel to advise as to litigation strategy for WLC SA. These suggest perhaps some degree of operational control over Plaintiff's employer.

The court is inclined to permit limited discovery into narrow jurisdictional facts. *See Carrier*, 673 F.3d at 449 (the court "may permit discovery in aid of deciding the motion"); *see also Filter Plus*, 2017 WL 747598, at *5 (ordering discovery where "the allegations made 'on information and belief,' if true, would render Defendants subject to an exercise of personal jurisdiction by this court"). The court does not hereby extend an invitation to embark on an uninhibited, burdensome expedition into irrelevant materials. It

instead directs the parties to meet and confer to agree on a plan for *targeted* discovery, including the time and scope[2] required to *expeditiously* settle the disputed jurisdictional facts, and it directs Plaintiff to file a written joint report in the same vein as that contemplated by Federal Rule of Civil Procedure 26(f) by **Monday, August 21, 2017**. The hearing on the pending motion currently-scheduled for **Wednesday, August 23, 2017 at 2:00 P.M.** is converted to a status conference with the parties to discuss jurisdictional discovery.

## IV. CONCLUSION

IT IS ORDERED that the parties are DIRECTED to meet and confer, and Plaintiff shall submit a joint report on jurisdictional discovery by **Monday, August 21, 2017**.

IT IS FURTHER ORDERED that the motion hearing currently set for **Wednesday, August 23, 2017 at 2:00 P.M.** in Port Huron, Michigan is CONVERTED to a status conference.

                                         s/Robert H. Cleland
                                         ROBERT H. CLELAND
                                         UNITED STATES DISTRICT JUDGE

Dated: August 18, 2017

---

[2] Some overlap may exist in the discovery necessary to determine personal jurisdiction and that which may be necessary to determine whether JCorp falls into any exception to the FSIA, in the event that Defendants later satisfy the threshold requirement of showing that JCorp is an "agency or instrumentality of a foreign state." *See Crystallex Int'l Corp. v. Venezuela*, No. 15-1082, 2017 WL 1591909, at *7 (D. Del. May 1, 2017) (comparing the standard for contacts required under jurisdictional due process with those satisfying exceptions to the FSIA).

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 18, 2017, by electronic and/or ordinary mail.

                                                      s/Julie Owens
                                                      Acting in the absence of Lisa Wagner
                                                      Case Manager and Deputy Clerk
                                                      (810) 984-2056