**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

NATALIE QANDAH,

        Plaintiff,

v.                                                              Case No. 17-11126

JOHOR CORPORATION and
YB DATO KAMARUZZAMAN BIN ABU KASSIM,

        Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' RENEWED MOTION TO**
**DISMISS AND DISMISSING THIS CASE WITHOUT PREJUDICE**

Plaintiff Natalie Qandah brings this action for fraud in the inducement, gender and religious discrimination under 42 U.S.C. § 1981 and Michigan's Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101, *et seq.*, and intentional infliction of emotional distress ("IIED"). (ECF No. 9, PageID.103-07.) She alleges that she was fraudulently induced to enter an employment contract, and was then harassed, discriminated against, and terminated. (*Id.*, PageID.99-103.)

Defendants Johor Corporation ("JCorp") and YB Dato Kamaruzzaman Bin Abu Kassim move to dismiss the complaint, arguing that the court lacks subject-matter jurisdiction under the Foreign Sovereign Immunity Act ("FSIA"). (ECF No. 54.) Defendants also contend that the court lacks personal jurisdiction. (*Id.*) The matter has been thoroughly briefed, (ECF Nos. 55-57.), and the court does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). Defendants' motion will be granted, and this case will be dismissed without prejudice.

## I.  BACKGROUND

Plaintiff brought this action in April 2017. She alleged that she was hired as an in-house attorney at World Logistics Council ("WLC") in August 2013. (ECF No. 9, PageID.92, ¶ 2.) She claims that her supervisor discriminated against her because she was Christian and a woman; she was allegedly terminated on May 27, 2014. (*Id.*, PageID.96, ¶¶ 26-27, PageID.101, ¶¶ 51-52.) After she was terminated, an attorney grievance complaint was allegedly filed against Plaintiff, which was unsuccessful. (*Id.*, PageID.94-95, ¶¶ 16-18.)

On June 14, 2017, Defendants moved to dismiss the complaint, arguing that the court lacked subject matter jurisdiction under FSIA and lacked personal jurisdiction. (ECF No. 11.) From August 2017 to April 2018, the parties engaged in targeted discovery to develop jurisdictional facts. (ECF Nos. 19, 21, 25, 30; ECF No. 50, PageID.2510.) Defendants refiled their motion to dismiss, (ECF No. 40), and the court granted it on FSIA grounds on February 11, 2019. (ECF No. 46.)

Plaintiff appealed to the Sixth Circuit, who, on January 24, 2020, reversed the district court's grant of immunity and remanded the case so that the district court could reweigh the evidence under the proper legal standard. (ECF No. 50, PageID.2508.) Specifically, the Court of Appeals held that this court misapplied the burden of persuasion, and remanded the case for further proceedings "without taking any view of the evidence." (*Id.*, PageID.2516-17.) The case was reopened, (ECF No. 53), and Defendant filed a renewed motion to dismiss acknowledging its burden of persuasion. (ECF No. 54.)

## II. STANDARD

A motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). Such motions "fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (1994). For a facial attack, which concerns the legal sufficiency of the complaint, "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id.* (internal citation omitted). For an attack against "the factual existence of subject matter jurisdiction," on the other hand, "no presumptive truthfulness applies to the factual allegations and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (internal citation omitted).

A court must dismiss a case if it determines that it does not have subject matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (internal citation omitted). Thus, if the court lacks subject matter jurisdiction, it need not reach the question of whether it has personal jurisdiction over Defendants.

## III. DISCUSSION

The court will discuss the question of its jurisdiction over Defendant JCorp, and then turn to Defendant Kassim.

### A. Jurisdiction Over Defendant JCorp

Under the FSIA, foreign states are immune from the jurisdiction of United States Courts unless an exception applies. 28 U.S.C. § 1604. The statute's definition of a "foreign state" includes "an agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a). An "agency or instrumentality," in turn, is defined as:

> any entity (1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof,

3

>or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of a State of the United States . . . nor created under the laws of any third country.

*Id.* § 1603(b).

Even if a defendant is a foreign state, "[FSIA] provides a number of exceptions." *Triple A Int'l, Inc. v. Democratic Republic of the Congo*, 721 F.3d 415, 416 (6th Cir. 2013); *see Permanent Mission of India to the United Nations v. City of New York*, 551 U.S. 193, 197 (2007) ("Under the FSIA, a foreign state is presumptively immune from suit unless a specific exception applies."). "The party claiming FSIA immunity bears the initial burden of proof of establishing a prima facie case that it satisfies the FSIA's definition of a foreign state; once this prima facie case is established, the burden of production shifts to the nonmovant to show that an exception applies." *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009) (internal citation omitted); *accord Global Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 811 (6th Cir. 2015). "The party claiming immunity under FSIA retains the burden of persuasion throughout this process," *id.*, and must prove the applicability of immunity "by a preponderance of the evidence." (ECF No. 50, PageID.2516, Sixth Circuit Opinion.)

The court in its February 2019 opinion found that Defendant JCorp qualified as a "an agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a). (ECF No. 46, PageID.2455-57.) That decision was affirmed by the Sixth Circuit. (ECF No. 50, PageID.2514.)

The next question is whether there is an exception to FSIA immunity. Although Plaintiff has the burden of production as to an exception, the burden of persuasion still rests with Defendant JCorp. *O'Bryan*, 556 F.3d at 376. The court in February 2019

found that no exception applied and granted Defendant's motion to dismiss. (ECF No. 46, PageID.2459-61.) However, the Sixth Circuit held that the court's language improperly placed the burden of persuasion on Plaintiff. (ECF No. 50, PageID.2516-17.) Having again reviewed the briefing, the court finds that Defendant JCorp has indeed met its burden of persuasion.

**1. Commercial Activity Exception**

FSIA immunity does not apply when a foreign state's actions "are private or commercial in nature." *Global Tech.*, 807 F.3d at 812 (quoting *Saudi Arabia v. Nelson*, 507 U.S. 349, 359-60 (1993)). The exception applies "in any case:"

> in which the action is based upon [1] a commercial activity carried on in the United States by the foreign state; or [2] upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or [3] upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

28 U.S.C. § 1605(a)(2); *see Westfield v. Federal Republic of Germany*, 633 F.3d 409, 413-14 (6th Cir. 2011).

"The commercial activity relied upon by a plaintiff for jurisdictional purposes must be directly connected to the activity for which the plaintiff brings suit." *Global Tech.*, 807 F.3d at 812; *accord O'Bryan*, 556 F.3d at 378. By a preponderance of the evidence, (ECF No. 50, PageID.2516, Sixth Circuit Opinion), the court finds that Defendant JCorp's commercial activities are not "directly connected" to the alleged activity that forms the basis of Plaintiff's suit. *Id.* Specifically, the court finds Defendant JCorp's investments and management of corporate entities are not connected to Plaintiff's employment and the alleged attorney grievance complaint filed against her.

As the court stated in February 2019, Plaintiff brings suit for her hiring, treatment, and termination while working for the company World Logistics Council ("WLC"). For the duration of Plaintiff's employment, Defendant JCorp did not own or have any equity stake in WLC. (ECF No. 54-2, PageID.2567-68, ¶ 18.) The only connection from JCorp to WLC is through a series of subsidiaries and secondary investments. JCorp wholly owned two subsidiaries, who, in combination, owned an 80% interest in the company Asia Logistics Council ("ALC"); WLC owned the remaining 20%. (*Id.*, PageID.2605.) ALC and WLC entered into an agreement in April 2013, whereby WLC agreed to "manage [ALC's] operations including providing marketing support, operational tools, as well as approval of contracts, hiring and terminating of employees in consultation with [ALC]." (ECF No. 54-17, PageID.3109.) WLC agreed to fund the operational costs, and received profit-sharing obligations from ALC. (*Id.*) Defendant JCorp and ALC transferred $25 million to WLC between 2008 and 2012 and an additional $25 million after Plaintiff was terminated. (ECF No. 54-11, PageID.2946.) Only after Plaintiff left WLC's employ was this transaction "finalized," in that ALC was given a 5% ownership position in WLC. (ECF No. 54-2, PageID.2567-68, ¶ 21.)

Defendant JCorp, through ALC, appears to have been an important commercial partner to WLC. WLC and ALC had a profit-sharing agreement and WLC managed and oversaw substantial aspects of ALC's business operations. (ECF No. 54-17, PageID.3109.) ALC invested $25 million before Plaintiff was hired, and eventually took a 5% equity stake in WLC. (ECF No. 54-2, PageID.2567-68, ¶ 21.) However, ALC, let alone Defendant JCorp, did not have any legally enforceable interest that would allow it to direct, manage, and control the operations of WLC. (*See* ECF No. 54-2,

6

PageID.2567-69, ¶¶ 18-26.) Although WLC and its employees may have placed special emphasis on WLC's relationships with ALC and Defendant JCorp, Defendant JCorp's "commercial activity" did not extend to the hiring, discrimination, and termination of Plaintiff. In fact, it was WLC which had rights to impact the management and hiring practices of ALC. (ECF No. 54-17, PageID.3109.) In addition, Defendant JCorp was not the entity that initiated or organized the alleged grievance complaint against Plaintiff. (ECF No. 54-2, PageID.2569, ¶ 28.)

Legal conclusions such as that Defendant JCorp was in privity with Plaintiff, (ECF No. 54-19, PageID.3134, ¶ 8), and had a property interest in WLC, (ECF No. 54-20, PageID.3151, ¶ 4), need not be accepted by the court. And the court has authority to resolve disputes of jurisdictional fact. *Ohio Nat. Life Ins. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) ("[A] trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts."). A letter sent from Defendant JCorp to WLC's CEO asking WLC to decide quickly where WLC is domiciled is not a direction, let alone an enforceable command, to hire Plaintiff or other American employees. (ECF No. 54-9, PageID.2942.) An email updating Defendant JCorp's CEO, Defendant Kassim, about this litigation, and Defendant Kassim's response that WLC "must prepare to cover all angels [sic]," is not a direction to fraudulently file an attorney grievance complaint against Plaintiff. (ECF No. 54-10, PageID.2944.)

As the court found in February 2019, "[t]he commercial activity relied upon by a plaintiff for jurisdictional purposes" is not "directly connected to the activity for which the plaintiff brings suit." *Global Tech.*, 807 F.3d at 812. (ECF No. 46, PageID.2460.) Even

7

with the burden of persuasion placed on Defendant JCorp, *O'Bryan*, 556 F.3d at 376, the commercial exception does not apply. 28 U.S.C. § 1605(a)(2).

### 2. Tortious Act Exception

FSIA has a second exception for tortious acts "(1) occurring in the United States; (2) caused by a tortious act or omission; (3) where the alleged acts or omissions were those of a foreign state or of any official or employee of that foreign state; and (4) those acts or omissions were done within the scope of tortfeasor's employment." *O'Bryan*, 556 F.3d at 380-81 (quoting 28 U.S.C. § 1605(a)(5)).

In conformity with the court's findings in February 2019, and placing the burden of persuasion correctly on Defendant JCorp, *O'Bryan*, 556 F.3d at 376, Defendant JCorp has shown that this case does not fall within the exception. (ECF No. 46, PageID.2461.) As explained above, by a preponderance of the evidence, Plaintiff's alleged hiring, discrimination, firing, and attorney grievance complaint were not caused by the actions "of [Defendant JCorp] or of any official or employee of [Defendant JCorp]." *O'Bryan*, 556 F.3d at 380-81. Thus, the tortious act exception does not apply. 28 U.S.C. § 1605(a)(5).

### B.  Jurisdiction Over Defendant Kassim

The court in February 2019 construed Plaintiff's claims against Defendant Kassim "as a claim against [Defendant] JCorp itself." (ECF No. 46, PageID.2458.) Because Defendant JCorp was entitled to sovereign immunity, so was Defendant Kassim. (*Id.*, PageID. 2458, 2461-62.) The Sixth Circuit did not reach the merits of this decision and instead noted that, because the court misapplied the burden of persuasion

for Defendant JCorp, immunity for Defendant Kassim was not justified at that time. (ECF No. 50, PageID.2517.)

The court has now applied the appropriate standard, placing the burden of persuasion on the party asserting the immunity. *See O'Bryan*, 556 F.3d at 376. Defendants have shown that the claim against Defendant Kassim is a claim against Defendant JCorp. (ECF No. 46, PageID.2458.) Thus, both Defendant JCorp and Defendant Kassim are entitled to immunity under FSIA. 28 U.S.C. § 1604.

## IV. CONCLUSION

Plaintiff's claims against Defendants fall under FSIA, and Defendants have succeeded in showing that no exception applies. 28 U.S.C. § 1604. The court does not have subject-matter jurisdiction over this case. *Id.* Accordingly,

IT IS ORDERED that Defendants' Renewed Motion to Dismiss (ECF No. 54) is GRANTED. This case is DISMISSED WITHOUT PREJUDICE.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 7, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 7, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner                  /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\17-11126.QANDAH.RenewedMotiontoDismiss.RMK.3.docx